# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

CAROL STEVENS                                                                    PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:16-cv-57-LG-FKB

MISSISSIPPI POWER COMPANY                                                        DEFENDANT

## ORDER

Before the Court is Plaintiff's motion to compel [55] certain documents withheld by Defendant under a claim of privilege. For the following reasons, the Court finds that the motion should be granted in part and denied in part.

### Factual and Procedural History

This is an employment discrimination lawsuit brought by Carol Stevens against her former employer, Mississippi Power Company ("MPC"). Stevens asserts claims for race discrimination, sex discrimination, retaliation, and age discrimination pursuant to Title VII and 42. U.S.C. § 1981.

Stevens filed an EEOC charge on May 8, 2015. [12] at 1. She contends MPC received notice of the charge on May 14, 2015. [55] at 1. Shortly thereafter, MPC began an investigation. [57-1]. Jennifer Krohn, an MPC employee relations coordinator, conducted the investigation under the direction of in-house MPC counsel. *Id.* at 1. In an affidavit, Krohn states that her response to the EEOC charge "was prepared in conjunction with MPC's counsel and in anticipation that Ms. Stevens would pursue her claims in litigation." *Id.* at 2. Stevens received her right to sue notice from the EEOC on January 21, 2016. [12] at 1-2. She filed her original complaint on January 29, 2016. [1]. She filed her Second Amended Complaint on April 21, 2016. [12].

On July 7, 2016, Stevens propounded discovery requests, including requests for production of documents, to MPC. [23]. With respect to various documents withheld from its production, MPC produced a supplemental privilege log to Stevens. [55-1]. The privilege log asserts claims of

1

work product and attorney-client privilege as to the withheld documents. Stevens asks the Court to compel production of a series of documents described in the privilege log. [55] at 2.

**Standard of Law**

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Conoco Inc. v. Boh Bros. Const. Co.*, 191 F.R.D. 107, 117–18 (W.D. La. 1998). The Rule states:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3). "The work product doctrine applies to documents prepared in anticipation of litigation. . . ." *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012)(quotation marks omitted). "The law of our circuit is that the privilege can apply where litigation is not imminent, 'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000)(quoting *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982)).

"The work-product doctrine does not protect materials assembled in the ordinary course of business." *Conoco Inc.*, 191 F.R.D. at 118. Additionally, documents "determined to be work-product may still be subject to disclosure in discovery under certain circumstances." *Id.* But, work product may be obtained "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.,* 768 F.2d 719, 721 (5th Cir. 1985). "The burden of

2

establishing that a document is work product is on the party who asserts the claim, but the burden of showing that the materials that constitute work product should nonetheless be disclosed is on the party who seeks their production." *Id.*

**Analysis of Privilege Claims**

At issue are the following documents, as described in the privilege log:

(1) PRIV000026-31: dated May 15, 2015, described as "Movement Report," and withheld under a claim of work product.
(2) PRIV000032-43: dated May 17, 2015, described as "Kemper Movement Report," and withheld under a claim of work product.
(3) PRIV000077: dated May 22, 2015, described as "email from Raven Scarborough to Jennifer Krohn regarding Carol Stevens," and withheld under claims of attorney-client privilege and work product.
(4) PRIV000078-80: dated May 27, 2015, described as "emails from Analee Marshall to Jennifer Krohn regarding Carol Stevens," and withheld under claims of attorney-client privilege and work product.
(5) PRIV000093-95: dated May 29, 2015, described as "email from Rodney Brooks to Jennifer Krohn regarding 2014 consistency meeting dates," and withheld under claims of attorney-client privilege and work product.
(6) PRIV000096-97: dated May 29, 2015, described as "email from Raven Scarborough to Jennifer Krohn re job roles," and withheld under claims of attorney-client privilege and work product.
(7) PRIV000115-16: dated June 1, 2015, described as "Roles and Responsibilities assigned to Carol Stevens and Jennifer Roney," and withheld under a claim of work product.
(8) PRIV000211-21: dated May 21, 2015, described as six "Exhibits" to "Compliance and Concerns Department's responses to Jennifer Krohn's questions," and withheld under a claim of work product.

*See* [55-1] at 2-3, 5.

Stevens contends generally that the documents she seeks were "prepared in the ordinary course of business before Plaintiff's external EEOC claim." [55] at 2. However, each document at issue is dated May 15, 2015, or later. As Stevens filed her EEOC charge on May 8, 2015, and contends MPC learned of the charge on May 14, 2015, her basis for contending that all of the documents predate the EEOC charge is unclear.

### a. The Movement Reports

The first two documents Stevens seeks are entitled, "Movement Report" and "Kemper Movement Report," PRIV000026-43. Stevens contends that these documents were created by MPC employee Rodney Brooks prior to the EEOC charge, and were kept by MPC in the usual course of business. She claims that Brooks's deposition testimony supports her position.[1] Stevens seems to believe that the Movement Report and the Kemper Movement Report are the same as a weekly staffing report which Brooks kept. *See* [55] at 2-3. However, she offers no evidence which would demonstrate to the Court that they are the same documents.

Krohn testifies in her affidavit that PRIV000026-43 are documents created by MPC at her request as part of her investigation into Stevens's EEOC charge. [57-1] at 1. She states that neither report was kept or prepared in the ordinary course of business, and that each was created after MPC learned of Stevens's EEOC charge. *Id.* In support of its position, MPC submits a portion of Brooks's deposition transcript. Brooks testified that the document he created – the weekly staffing report – was not known as the "Kemper Movement Report." [57-2] at 3. He also testified that he did not know what the "Kemper Movement Report" was. *Id.* Both Krohn's affidavit and Brooks's testimony demonstrate that PRIV000026-43 is not the document that Stevens assumes it is. Because these reports were created as part of the investigation and were created in anticipation of litigation, the Court finds them to be work product.

### b. The Emails

Next, Stevens seeks four emails identified in the privilege log as having been sent by MPC employees to Krohn between May 22 and 29, 2015. Stevens offers no explanation for why she believes the Court should compel the two emails, PRIV000077 and 77-80, sent to Krohn on May

---

[1] Stevens does not attach any deposition transcripts, instead only discussing within the motion what she contends was said during the deposition.

22 and May 27, 2015, respectively. *See* [55] at 3. Krohn explains in her affidavit that both emails were part of her investigation of Stevens's EEOC charge. [57-1] at 1. PRIV000077 is an email conversation between her and Stevens's former supervisor. *Id.* Krohn sent the email as part of her investigation, inquiring as to a portion of the supervisor's evaluation of Stevens. *Id.* Similarly, PRIV000078-80 contains an email conversation between Krohn and MPC's recruiting consultant regarding other positions for which Stevens applied. *Id.* Krohn testified that this email conversation began May 20, 2015, and ended May 27, 2015. *Id.* The Court finds that these two emails are work product.[2]

Next, Stevens contends that one of the May 29, 2015, emails, PRIV000093-95, pertained to a meeting that took place in 2014, and therefore was "not created in response to Plaintiff's EEOC [sic] and therefore not privileged." [55] at 3. Stevens offers no explanation for believing that the email itself was not created on the date stated in the privilege log. Krohn explains that the email concerned the 2014 meeting, but was generated as part of her investigation on May 29, 2015. However, she admits that the email communication includes an agenda for the 2014 meeting (which was drafted prior to Stevens filing her EEOC charge). [57-1] at 1-2.[3] The Court finds that the May 29, 2015, email, with the exception of the meeting agenda, constitutes work product.

The next email which Stevens seeks is also dated May 29, 2015, PRIV000096-97. The privilege log states that the email was "from Raven Scarborough to Jennifer Krohn re job roles." In her affidavit, Krohn testifies that the email consists of an exchange between her and Stevens's former supervisor which took place on May 28 and May 29, 2015. [57-1] at 2. Krohn states that the email was a part of her investigation into the EEOC claim and concerned Stevens's and another

---

[2] MPC also contends that these emails, along with other emails sought in Stevens's motion, are protected by the attorney-client privilege. Because the Court finds that the emails constitute work product, the Court does not address the attorney-client privilege as to these documents.

[3] It is unclear whether the 2014 meeting agenda is an attachment to the May 29, 2015, email or contained within the body of the email message itself.

5

employee's job roles and responsibilities. Stevens provides no evidence that this email exchange predates her EEOC charge, or that it is a document kept in the ordinary course of business. The Court finds that this email constitutes work product.

### c. "Roles and Responsibilities" Document

Stevens seeks PRIV000115-16, a document described as "Roles and Responsibilities assigned to Carol Stevens and Jennifer Roney," dated June 1, 2015. Stevens offers no explanation for why she believes this document is not privileged, other than to contend that job responsibilities would have been assigned to Stevens and Roney prior to the EEOC charge being filed. *See* [55] at 3. Krohn testified that PRIV000115-16 is a document that she prepared on May 29, 2015, as part of her investigation into the EEOC charge. [57-1] at 2. The Court finds that this document is work product.

### d. Compliance and Concerns Department Exhibits

The final documents that Stevens seeks are PRIV000211-21. These are described as six "Exhibits" to "Compliance and Concerns Department's responses to Jennifer Krohn's questions." Krohn testifies that these documents were provided to her by MPC's Compliance and Concern Department on May 20, 2015, in response to her investigation inquiries. However, she testified that each of the documents was created prior to the EEOC charge and is kept in the ordinary course of business by MPC. [57-1] at 2. She reviewed and considered each in preparing MPC's response to the EEOC charge. *Id*. MPC has withheld the documents, contending that while individually they are not privileged, as a group they reflect Krohn's thoughts and impressions and constitute work product. MPC acknowledges that most of the information contained in these exhibits has already been provided to Stevens through production of other documents. [57] at 4.

The Court finds that because the six exhibits, PRIV000211-21, were created prior to Stevens's EEOC charge and were kept in the ordinary course of business, they are not protected by the work product doctrine. Therefore, they are discoverable.

### e. Discoverability of MPC's Work Product

Fed. R. Civ. P. 26(b)(3)(A)(ii) permits a party to overcome the work product privilege and obtain a document if they can show that they have a "substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Stevens has made no such showing, or even argument, as to any of the documents at issue. Accordingly, the Court finds that Stevens has not satisfied Fed. R. Civ. P. 26(b)(3)(A)(ii), and therefore is not entitled to receive those documents which the Court has determined to be work product. *See Hodges, Grant & Kaufmann,* 768 F.2d at 721.

### Conclusion

For the reasons stated above, Stevens's motion [55] is granted as to the 2014 meeting agenda included in PRIV000093-95[4] and the six exhibits in PRIV000211-21. MPC must produce those documents to Stevens within seven days of this order. Stevens's motion is otherwise denied.

SO ORDERED, this the 11th of April, 2018.

            /s/ F. Keith Ball
            UNITED STATES MAGISTRATE JUDGE

---

[4] If the 2014 meeting agenda is an attachment to the May 29, 2015, email, the Court instructs MPC to produce the attachment of the meeting agenda only. If the meeting agenda is contained within the body of the email message, the Court instructs MPC to produce a copy of the May 29, 2015, email with all portions of the email redacted, except the date, identities of Rodney Brooks as sender and Jennifer Krohn as recipient, and the 2014 meeting agenda.